# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**
APR 17 2018
CLERK U.S. DISTRICT COURT
By_____ Deputy

In the Matter of the Search of )
*(Briefly describe the property to be searched* )
*or identify the person by name and address)* )
) Case No. 4:18-mj-215
)
Target Devices 1-56 as listed in Attachment A )
)

FILED UNDER SEAL

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location)*:

Target Devices 1-56 as listed in Attachment A as listed in Attachment A.

located in the _____Northern_____ District of _____Texas_____, there is now concealed *(identify the person or describe the property to be seized)*:

Digitally stored data, to include but not limited to: text or number files, photographs, video recordings, and audio recordings

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:
☑ evidence of a crime;
☐ contraband, fruits of crime, or other items illegally possessed;
☐ property designed for use, intended for use, or used in committing a crime;
☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| *Code Section* | *Offense Description* |
|---|---|
| 21 U.S.C. § 846 | Conspiracy to Possess Methamphetamine with Intent to Distribute |

The application is based on these facts:
See attached Affidavit.

☐ Continued on the attached sheet.
☐ Delayed notice of ____ days (give exact ending date if more than 30 days: _____ ) is requested
under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Special Agent Brian Finney, DEA
Printed name and title

Sworn to before me and signed in my presence.

Date: 4/17/18

_____
Judge's signature

City and state: Fort Worth, Texas

Jeffrey L. Cureton, U.S. Magistrate Judge
Printed name and title

**The facts to support a finding of Probable Cause and the issuance of a Search Warrant are as follows:**

**I, Brian Finney, being duly sworn depose and say:**

Affiant Brian Finney is a Special Agent employed by the United States Drug Enforcement Administration for the past 19 years. Affiant is currently assigned to the Fort Worth District Office. Affiant has had numerous hours of training in the investigation of narcotics including methamphetamine trafficking and methamphetamine possession. Affiant has had numerous hours of training in the investigation of narcotics including violations of the Controlled Substances Act.

1. Based on my training, experience, and participation in firearms, narcotics and financial investigations involving trafficking of large amounts of methamphetamine and other controlled substances, I know:

    a.  that drug traffickers maintain books, records, receipts, notes, ledgers, airline tickets, money orders, telephone books, address books, and other papers relating to the importation, transportation, ordering, sale, purchase, and distribution of controlled substances and containing names, nicknames, addresses and phone numbers of members of the drug trafficking organization; that the aforementioned books, records, receipts, notes, ledgers, etc., are maintained where drug traffickers have ready access to them such as in their residences and places of business;

    b.  that drug traffickers utilize multiple cellular telephones to conduct drug trafficking business; and utilize the cellular telephones to communicate via traditional telephone calls, and the sending/receiving of electronic communications via multimedia message service (MMS) and short message service (SMS) messages.

2. Based upon my knowledge, training and experience, and consultations with other Special Agents who have specialized training in the area of computers, I know that searching and seizing information from computers and "smart" phones often requires agents to seize most or all electronic storage devices (along with related peripherals) to be searched later by a qualified computer expert in a controlled environment. This is true because of the following:

> a. Computer storage devices (like hard drives, diskettes, tapes, laser disks) can store the equivalent of thousands of pages of information. It may require the searching authorities to examine all the stored data to determine which particular file(s) are evidence of a crime. This sorting process takes a great deal of time and it would be impractical to attempt this kind of data search on site.
>
> b. Searching computer systems for criminal evidence is a highly technical process requiring expert skill and a properly controlled environment. Since computer evidence is extremely vulnerable to inadvertent or intentional modification or destruction, a controlled environment is essential to its complete and accurate analysis.

3. Based upon my knowledge, training and experience, and consultations with other special agents, I know that searching computerized information for evidence of a crime commonly requires agents to seize computer hardware and most or all of a computer system's input/output peripheral devices, related software, documentation, and data security devices (including passwords) so that a qualified computer expert can accurately retrieve the system's data in a controlled environment. This is true because of the following:

Affidavit in Support of Application for Search Warrant - Page 2 of 8

a. The hardware and peripheral devices which allow users to enter or retrieve data from the storage devices vary widely in their compatibility with other hardware and software. Many system storage devices require particular input/output (or "I/O") devices in order to read the data on the system.
It is important that the analyst be able to properly re-configure the system as it now operates in order to accurately retrieve the evidence listed above. In addition, the analyst needs the relevant system software
(operating systems, interfaces, and hardware drivers) and any applications software which may have been used to create the data, as well as all related instruction manuals or other documentation and data security devices.

b. If, after inspecting the hardware, I/O devices, software, documentation, and data security devices, the analyst determines that these items are no longer necessary to retrieve and preserve the data evidence, the government will return them within a reasonable time.

4. Based on my knowledge, training and experience, and consultations with other law enforcement officers/agents, I know that electronic data, such as text messages, pictures, contact list, etc. may be maintained on a cell phone/tablet that may have been ported or imported from a previous cell phone/tablet or a different cell phone/tablet all together. This data may cover an extended period of time, which may be months, or years' worth of data. In addition, a cell phone/tablet can store data until it is deleted, and keep that data preserved for many years, especially if the cell phone/tablet is not being used (e.g. the device is lost, abandoned, or seized by law enforcement). I also know that, in general, data will remain on a cell phone/tablet until it is deleted by the user of the cell phone/tablet.

5. Based on information provided in this Affidavit, I believe there is probable cause to support the issuance of search warrant for the cellular telephones listed in "Attachment A,

located in the possession of Law Enforcement, in the Northern District of Texas. This affidavit is offered in support of an application seeking authorization to search said cellular telephones. Based on the following information, there is probable cause to believe that said cellular telephones, contain digital evidence of violations of the following sections of 21 U.S.C. §§ 841(a)(1) & 846.

6. On August 31, 2017, Officers with the Coleman Police Department obtained and executed a search warrant for the residence of Joe Rosales Jr. and Rhonda Rosales, located at 416 W. 10th St., Coleman, Texas. During the search of the residence, Officers located and seized approximately ninety (90) grams of methamphetamine, drug paraphernalia, three (3) firearms, approximately ten thousand dollars ($10,000.00) in U.S. Currency, approximately thirty (30) cell phones, eleven (11) electronic tablets, thirteen (13) laptop computers, one (1) Xbox one consoles, six (6) hard drives, nineteen (19) USB thumb drives, fifteen (15) memory cards, sixteen (16) cameras, and other items. In addition, officers observed home surveillance equipment that allowed Rosales to view areas around the home. The surveillance monitoring equipment appeared to be connected to at least one of the computers seized from Rosales's house. Agents/officers believe that Rosales may have been recording events in and around his residence prior to his arrest, which may have included drug transactions.

7. On September 1, 2017, Officers with the Coleman Police Department obtained and executed a search warrant for two (2) storage buildings at Glasson Self Storage, which contained property belonging to Joe Rosales Jr. and Rhonda Rosales. During the search of the two (2) storage buildings,

Officers located and seized approximately eight thousand dollars ($8,000.00) in U.S. Currency, two (2) stolen firearms, and packaging material.

8. Co-conspirator Alexander Lee Salazar identified Joe Rosales Jr. as a methamphetamine distributor. On October 18, 2017, a Parker County Sheriff's Office K-9 Deputy conducted a traffic stop on a black, 2006 Chevrolet Impala, being operated by Alexander Lee Salazar. During the traffic stop, the Deputy located a manila envelope inside the center console of the vehicle, which contained two baggies, which contained approximately 232 grams of methamphetamine. After being taken into custody, Salazar informed the Deputy that he (Salazar) wished to speak to Investigators regarding the seizure of the methamphetamine. Salazar then described that Joe Rosales Jr. had sent him (Salazar) to Fort Worth on October 18, with approximately two thousand dollars ($2,000.00) for the purpose of picking up the methamphetamine that he (Salazar) was arrested with. Specifically, Salazar stated that the trip on October 18 was his (Salazar's) fourth trip to Fort Worth to pick up methamphetamine, at the direction of Rosales. Salazar stated that the first two (2) trips, he (Salazar) accompanied Rosales, when Rosales traveled to Fort Worth to pick up the methamphetamine. Salazar then explained that on both of the trips that he (Salazar) accompanied Rosales on, they (Rosales and Salazar) picked up approximately eight (8) ounces of methamphetamine on each of those trips. Salazar then stated that on the first trip that he (Salazar) made on his own (his 3rd trip total), he (Salazar) picked up approximately five and a half (5½) ounces of methamphetamine.

9.     On November 15, 2017, Agents/Officers learned that Joe Rosales Jr. and others were planning on traveling from Coleman, Texas to the Dallas, Texas area to pick up between a half (½) kilogram and one (1) kilogram of methamphetamine.  Intelligence indicated that after picking up the methamphetamine, Rosales would then travel to Stephenville, Texas, where he (Rosales) would drop off approximately four hundred (400) grams of methamphetamine, then travel to Brownwood, Texas, where he (Rosales) would then drop off another one hundred (100) grams of methamphetamine, before returning to Coleman with the remaining portion of the methamphetamine.  During the early morning hours of November 16, 2017, Officers with the Coleman Police Department located a vehicle known to be associated with Rosales.  Officers performed a traffic stop of the vehicle.  During the traffic stop, Officers removed Rosales from the vehicle, prior to a pat down search Rosales admitted to Officers that he had a syringe inside his (Rosales') front pocket.  During a pat down search, Officers located the syringe.  During a search of the vehicle, Officers located a black box inside the center console of the vehicle that contained approximately 78 grams of methamphetamine and a syringe.  Officers also located and seized two Samsung cell phones, one Samsung, blue in color, belonging to Rosales and one Samsung Galaxy S6 Edge, belonging to Rambo.  Officers then identified the passenger inside the vehicle as Charles Rambo.  During a post arrest statement, Rambo admitted to Officers that he (Rambo) had traveled to Dallas, Texas, with Rosales for the purpose of picking up methamphetamine and that they (Rosales and Rambo) had picked up the methamphetamine located and seized inside the center console of the vehicle.

Rambo also said that after picking up the methamphetamine Rosales and Rambo did stop in Stephenville and drop off an unknown amount of methamphetamine, they then traveled to Brownwood and delivered an unknown amount of methamphetamine before continuing to Coleman, Texas with the remainder of the methamphetamine.

10. Based upon my knowledge, training and experience, consultation with other Special Agents and Task Force Officers, I know that seventy-eight (78) grams of methamphetamine is a distribution amount of methamphetamine.

I know that methamphetamine distributors frequently utilize cellular telephones to communicate with both sources of supply and customers, via voice calls, text messages, and other digital forms of communication. Additionally, I know that methamphetamine distributors frequently utilize electronic tablets, laptop computers, hard drives, USB thumb drives, memory cards, and digital cameras to store electronic and digital evidence of methamphetamine trafficking.

11. Based on those facts and circumstances, Affiant believes that said cellular telephones contain digital evidence related to Joe Rosales' distribution of methamphetamine. Specifically, Affiant believes that said cellular telephones, electronic tablets, laptop computers, USB thumb drives, and memory cards contain digital evidence related to Joe Rosales' distribution of methamphetamine. Affiant believes that said digital evidence may be utilized by Agents/Officers to prosecute Joe Rosales and identify and prosecute Joe Rosales' co-conspirators.

12. Based on the information outlined in paragraphs 1 through 11, affiant believes that there is information in Joe Rosales' thirty (30) cell phones, eleven (11) electronic tablets, thirteen (13) laptop computers, nineteen (19) USB thumb drives, and fifteen (15) memory cards related to the above mentioned crimes.

Special Agent Brian Finney
DEA

Sworn to and subscribed before me on this 17th day of April 2018 at 2:30 p.m in Fort Worth, Texas.

JEFFREY L. CURETON
United States Magistrate Judge

1. Black LG cellphone SN. EAC63340001
2. Alcatel one touch cellphone SN. R38FB0NPF3B
3. Black LG cellphone SN. G11CQXM0599594
4. Blackview Model 1P68 Black and Gold
5. Gold & White Iphone IMEI. 013789003881136
6. Black Camo ATT Galaxy 6s Active (unknown)
7. Black LG cellphone SN. 607CYEA941340
8. Gray Iphone IMEI. 354405067017874
9. Black ATT Samsung Blackberry SN. BA32
10. Cricket ZTE cellphone SN. 32586602170F
11. White Galaxy S5 cellphone IEMI. 990004912543497
12. Black Iphone FCCID. BCG-E2422B
13. Black ZTE cellphone SN. 322964541786
14. Galaxy S6 active White Camo IMEI. 356423070322700
15. Verzion LG Black cellphone IEMI. 352265063726189
16. Black ATT Samsung Galaxy S 6 IEMI. 357243964315793
17. White Samsung cellphone model: SM-J700T, SN. R58H51VGS7R
18. Silver Iphone IMEI. 354407066984633
19. Black ZTE cellphone SN. 322122671317
20. Black T-Mobile LG cellphone SN. 302KPDT585378
21. Silver Iphone IC. 579C-E2944A
22. Gold Samsung Galaxy Note 5 IMEI. 356714075267183
23. White HTC SN. 3W52659W824695
24. Gold & White Iphone IMEI. 35930665734475
25. White HTC cellphone SN. 45722617853238
26. Black and Silver Iphone IMEI. 013790001874388
27. Black and Silver Iphone SE. 355433077677304
28. Black ZTE cellphone PD. B0513R16A12499998
29. Gray HTC cellphone (No Serial Number)
30. Black Samsung cellphone SN. R58HA53K2KZ
31. Silver Dell SN: 10510905026
32. Black Dell Latitude E6400 SN: 571826469
33. Silver Windows Tablet/Laptop 256 GB SN: 058147360253 W/ Case
34. Black HP No Visible SN: Battery: CT: 6DXZRO4WY6G1MG
35. Silver Dell Inspiron # 39104257718
36. Black Dell SN: 3VX7462
37. Grey Compaq SN: CND8082RCY
38. Silver Mac Air SN CPWQDAXNG940
39. Silver Dell Inspiron 5000 SN: BW6FYF2
40. Black HP SN: CND4361BZH
41. Black Compaq model CQ61-411WM SN: CNF0137LW9
42. Grey Acer Aspire SN: LXRJW020071170ADF71601
43. Grey/ Black Samsung SN: HRQA91BC704408F
44. Black Samsung SM-T217S DEC: 256691513603425654
45. Samsung Tablet Unknown SN W/ Blue case
46. Grey Kindle IC: 9599A-0725 W/ Leather Case

Attachment A

47. Black Amazon Kindle Barcode : KC2SAP0A0221019
48. Black Digiland No visible SN
49. Grey ZTE ATT Model K88  Unknown SN
50. Silver LG ATT GPAD F8.0 ID: ZNFV495
51. Black Samsung Galaxy Tab 4 7" SN: R52GA1TCKKK
52. White Acer SN: 41304284317
53. Black RCA Tablet/ Laptop w/out keyboard  SN: T9ED2Z2292H3
54. Black Samsung Galaxy Tab SN: R52H3038W0K
55. Nineteen (19) USB Thumb Drives
56. Fifteen (15) Memory Cards

Attachment A